UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICARDO GIST,

                Plaintiff,                            Civil Action No. 12-13639
                                                  HON. BERNARD A. FRIEDMAN

vs.

CITIMORTGAGE, INC., et al.,

                Defendants.
_____/


**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

I.      **Introduction and Facts**

      Plaintiff Ricardo Gist ("plaintiff") commenced this diversity action against Citimortgage, Inc. ("CMI") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "defendants") seeking money damages, declaratory relief and an order quieting title to the subject property.  Plaintiff alleges, among other things, that defendants improperly purchased the property after a defective foreclosure sale.  Before the Court is defendants' unopposed motion for summary judgment [docket entry 16].  The Court will rule on defendants' motion without oral argument pursuant to E.D. Mich. LR 7.1(f)(2).

      On October 17, 2007, plaintiff executed a mortgage loan with ABN AMRO Mortgage Group, Inc. ("ABN") in the amount of $62,100 (the "mortgage"). Def. Exh. B.  The mortgage was secured by plaintiff's property located at 18967 Archdale Street in Detroit, Michigan. Id.  CMI became the successor in interest to ABN after the two entities merged in September 2007.

-1-

<u>Def. Exh. D</u>.  Both the mortgage and the underlying promissory note make no mention of MERS
and it does not appear from the record that MERS ever held an interest in the mortgage or the
note. <u>Def. Exh. B, C</u>.  By letter dated July 4, 2011, CMI advised plaintiff that he had defaulted
on his mortgage payments and that he could cure the default by remitting a payment in the
amount $2,960.88 to CMI no later than August 4, 2011. <u>Def. Exh. D</u>.  The record is devoid of
any proof that plaintiff attempted to cure the default.  Thereafter, CMI commenced a non-judicial
foreclosure proceeding and purchased the property at a sheriff's sale on January 12, 2012 in the
amount of $69,128.52. <u>Def. Exh. F</u>.  Plaintiff failed to redeem the property by the time the
statutory redemption period expired on July 12, 2012 and, instead, commenced the instant action
in Wayne County Circuit Court five days later. <u>Id.; Compl. at 1</u>.  Defendants timely removed the
matter to the United States District Court for the Eastern District of Michigan [docket entry 1].

In their motion for summary judgment, defendants argue, among other things, that MERS
should not be a party to this action and that plaintiff's complaint fails to satisfy the pleading
requirements enumerated in Fed. R. Civ. P. 8.  As stated above, plaintiff did not submit a
response.

## II.    <u>Standard of Review</u>

Summary judgment is proper where there is no genuine issue of material fact and the
moving party is entitled to judgment as a matter of law.  In considering a motion for summary
judgment, the Court will construe all facts in a light most favorable to the non-moving party.
<u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986).  There are no genuine
issues of material fact when "the record taken as a whole could not lead a rational trier of fact to
find for the nonmoving party." <u>Id.</u>  If the movant carries its burden of showing an absence of

evidence to support a claim, then the nonmovant must demonstrate by affidavits, depositions, answers to interrogatories and admissions that a genuine issue of material fact exists. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324-325 (1986).

### III.    Analysis

As a preliminary matter, defendants correctly note that MERS is not an appropriate party to this litigation.  Nowhere in the record is MERS mentioned as an assignee of the mortgage or the underlying note.  Nor does the complaint make clear how plaintiff in any way suffered damage as the result of MERS's actions.

Plaintiff's allegations are also deficient with respect to CMI.  Fed. R. Civ. P. 8(a)(2) provides that a factually sufficient pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Id.</u> *quoting* <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Id.</u> *quoting* <u>Twombly</u>, 550 U.S. at 557.  The factual contents of the complaint fit this description to a T.  Plaintiff's contentions consist of nothing more than an unintelligible diatribe against defendants with a smattering of law thrown into the mix.  In sum, plaintiff does not provide the Court with the requisite facts demonstrating his entitlement to relief under the various statutes and caselaw cited throughout the complaint.

In view of the foregoing, the Court need not address defendants' remaining arguments.

Accordingly,


IT IS ORDERED that defendants' motion for summary judgment is granted.




Dated: July 9, 2013                    S/ Bernard A. Friedman_____
        Detroit, Michigan              BERNARD A. FRIEDMAN
                                       SENIOR UNITED STATES DISTRICT JUDGE